```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/15/2021

MANUEL IYAHEN,

                Plaintiff,

      v.

CITY OF NEW YORK, et al.,

                Defendants.

20-CV-3448 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Manuel Iyahen brings this action pursuant to 42 U.S.C. § 1983 principally alleging false arrest, fabrication of evidence, and malicious prosecution. For the reasons that follow, the Court dismisses this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

    Plaintiff filed the complaint in this action on May 3, 2020. Dkt 1. The case was subsequently referred to mediation in accordance with Local Civil Rule 83.10, which proved unsuccessful in resolving any issue in the case. Dkt. 35.

    On April 21, 2021, after the parties informed the Court that mediation was no longer fruitful, the Court scheduled an initial pretrial conference. Dkt. 36. Before that conference was held, Plaintiff's Counsel moved to withdraw. Dkt. 38. The Court granted the motion and scheduled an initial pretrial conference for July 16, 2021, which was subsequently adjourned until July 19, 2021. Dkt. 39, 40. When Plaintiff did not appear, the Court adjourned the conference until August 27, 2021, and issued the following warning: "If Plaintiff does not appear at the conference, or otherwise respond to this order, the Court may dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41." Dkt. 44.

Plaintiff did not call into that conference. The Court ordered Mr. Iyahen to write a letter informing the Court whether he intended to pursue this action further. The Court's order stated that if he failed to respond by September 24, 2021, "the Court will dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41."

Plaintiff has not responded to that Order. He has thus failed to comply with the Court's Orders for nearly three months.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

## DISCUSSION

Several of the above factors weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiff's non-compliance is significant: Plaintiff has not communicated with the Court in nearly three months. *See, e.g.*, *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015

WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where the plaintiff had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"). Second, Plaintiff was on notice that his failure to comply may result in dismissal: the Court's July 19, 2021 Order explicitly warned that this action may be dismissed if he failed to respond, Dkt. 41, as did the August 4, 2021 Order, Dkt. 44, and the August 27, 2021 order, Dkt. 45; *see also Mitchell*, 708 F.3d at 468 (affirming district court's dismissal of an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal"). Third, this case has been pending for over a year, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of these considerations, the Court finds that Plaintiff's non-compliance warrants dismissal.

On balance, however, and in light of Plaintiff's *pro se* status, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *Baptiste*, 768 F.3d at 216. Any prejudice to Defendants has been minor, as this case is at an early stage. *See LeSane*, 239 F.3d at 210 ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself."). Under these circumstances, the Court finds that dismissal without prejudice is a less harsh, and more appropriate, sanction for Plaintiff's failure to communicate with the Court or to comply with the Court's Orders. *See, e.g.*, *Ortega v. Mutt*, No. 14-CV-9703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (internal quotation marks omitted)); *see also* 2 Moore's

Federal Practice § 19.101 ("The alternative sanctions that the court should consider include . . . dismissal without prejudice . . . .").

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk of Court is respectfully directed to close this case and to mail a copy of this Order to Plaintiff at the address that he previously provided to the Court.

SO ORDERED.

Dated: October 15, 2021
       New York, New York

_____
Ronnie Abrams
United States District Judge